**PALMER BOLT & NUT CO., Inc., v. LITTLEJOHN.**

Civil Action No. 1451—47.

District Court of the United States for the District of Columbia.

July 21, 1947.

George W. Ball and Fowler Hamilton, both of Washington, D. C., for plaintiff.

Peyton Ford, Asst. Atty. Gen., Edward H. Hickey, Sp. Asst. to Atty. Gen., and George Morris Fay, U. S. Atty., of Washington, D. C., for defendant.

PINE, Justice.

This action is before me on motion to dismiss, or in the alternative, to grant summary judgment. There will be found in the twenty-page complaint an allegation to the effect that plaintiff and the United States entered into an agreement by the terms of

which the United States agreed that it would hold in trust for plaintiff certain nuts, bolts, rivets, and other fasteners, and undertook to vest in plaintiff an "equitable property interest and lien" therein. The complaint further alleges that defendant has interfered with, and trespassed upon, such equitable property interest of plaintiff, and prays injunctive relief and a declaratory judgment.

Attached to defendant's motion is an affidavit, to which are attached copies of two alleged agreements. These are essentially sales agreements between plaintiff and the United States, by the terms of which plaintiff agrees to buy and the United States agrees to sell certain fasteners at a certain price, and they do not contain a provision giving plaintiff a property interest in the fasteners as claimed by plaintiff. The agreement bearing the later date purports to supersede all previous agreements between plaintiff and Government officials in respect of the fasteners.

Plaintiff has submitted an affidavit stating that these exhibits do not fully set forth all the existing agreements between the United States and plaintiff, particularly the agreement that the fasteners should be encumbered and held in trust for plaintiff and plaintiff has a property interest therein.

The serious question raised by the motion is whether the court has jurisdiction of the subject matter of the action, the defendant contending that it is in effect a suit against the United States for the specific performance of a sales contract and the United States has not consented to be sued for any such purpose. If defendant's version of the terms of the agreement between plaintiff and the United States is correct, his contention would appear to be well founded and the plaintiff's remedy, if any, would be in the Court of Claims for breach of contract. Wells v. Roper, 246 U.S. 335, 38 S.Ct. 317, 62 L.Ed. 755; Boeing Air Transport v. Farley, 64 App.D.C. 162, 75 F.2d 765. If plaintiff's version of the terms of the contract is correct, the action would appear to be maintainable under the authority of United States v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171. Under such circumstances the Supreme Court has recently held that the "District Court has jurisdiction to determine its jurisdiction by proceeding to a decision on the merits." Land v. Dollar et al., 67 S.Ct. 1009, and App.D.C., 154 F.2d 307.

The motion to dismiss and the alternative motion for summary judgment therefore will be denied.